JOAN E. COCHRAN, ESQ.          [SBN 128251]
LISA KRALIK HANSEN, ESQ.       [SBN 149455]
**COCHRAN, DAVIS & ASSOCIATES, P.C.**
36 Malaga Cove Plaza, Suite 206
Palos Verdes Estates, CA 90274
(310) 373-0900 - telephone
(310) 373-0244 – facsimile
Email: Joan@cochranlaw1.com
Email: Lisa@cochranlaw1.com

**Attorneys for Defendants OPTIMA FUNERAL HOME, INC., HUGO SANCHEZ, ANA MARIA BELCHER and ARISTEO LUCAS**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMGUARD INSURANCE COMPANY, a Pennsylvania Corporation,<br><br>             Plaintiff,<br><br>  v.<br><br>OPTIMA FUNERAL HOME, INC., a California Corporation, HUGO SANCHEZ, a California resident, ANA MARIA BELCHER, a California resident, ARISTEO LUCAS, a California resident, ILDEFONSO MONTES, a California resident, ALFONSO MONTES, a California resident, JASMIN MONTES, a California resident, ANTHONY MONTES, a California resident, and DOES 1 through 10,<br><br>             Defendants. | Case No.:  2:22-cv-04179 MWF (JCx)<br><br>Assigned to USDC Judge Michael W. Fitzgerald<br><br>**NOTICE OF MOTION AND MOTION TO STAY ACTION;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>**DECLARATION OF LISA KRALIK HANSEN;**<br><br>**EXHIBIT**<br><br>**Hearing Date: October 24, 2022**<br>**Time: 10:00 a.m.**<br>**Courtroom: 5A** |

**PLEASE TAKE NOTICE** that on October 24 , 2022, at 10:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom 5A of this Court, located at 350 West First Street, Courtroom 5A, Los Angeles, California 90012, Defendants Optima Funeral Home, Inc., Hugo Sanchez, Ana Maria Belcher and Aristeo Lucas ("Optima Defendants") will and do hereby move this Court to stay this action pending resolution of the related underlying action.

This motion is made on the ground that the Complaint of Plaintiff AmGuard Insurance Company ("AmGuard") seeking declaratory relief and reimbursement of defense fees and costs against its insureds should be stayed in the interests of justice and judicial economy and to prevent prejudice to AmGuard's insureds, the Optima Defendants.

This Motion is and will be based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Lisa Kralik Hansen, the attached exhibit, all other papers and pleadings on file with this Court, and such oral and documentary evidence as may be presented at the time of the hearing on this Motion.

///

///

///

///

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on September 1, 2022.

Dated:  September 12, 2022          **COCHRAN, DAVIS & ASSOCIATES, P.C.**


*/s/ Lisa Kralik Hansen*

By: _____

JOAN E. COCHRAN, ESQ.
LISA KRALIK HANSEN, ESQ.
Attorneys for Defendants **OPTIMA FUNERAL HOME, INC., HUGO SANCHEZ, ANA MARIA BELCHER and ARISTEO LUCAS**

# **TABLE OF CONTENTS**

I.      INTRODUCTION ……………………………………....… 4

II.     BRIEF STATEMENT OF FACTS PERTINENT TO

        THIS MOTION ……………..…………………………… 5

III.    THE COURT SHOULD EXERCISE ITS DISCRETION

        TO STAY THE INSTANT ACTION IN THE INTERESTS

        OF JUDICIAL ECONOMY, FAIRNESS TO THE

        LITIGANTS AND COMITY …………………………….... 6

        A.    This Court has Broad Discretion to Stay

              the Instant Action …………………………………… 6

        B.    The Factors to be Considered in the Exercise

              of the Court's Discretion Weigh in Favor of a

              Stay of the Instant Action …………………………… 8

              1.    *"Fairness to the Litigants" Requires a*

                    *Stay of this Action* ………………………….…... 9

              2.    *The Interests of Judicial Efficiency Favor a Stay* ……….. 10

              3.    *Judicial Comity and the Uncertainty of the*

                    *Provisions Upon Which AmGuard Relies*

                    *Weigh in Favor of a Stay* …………………………… 11

i

C.   **Permitting the Instant Action to Proceed will Result**

 **in an Advisory Opinion Based on Assumed Facts** …………….. 16

IV.   **CONCLUSION** …………………………………………………… 17

ii

# TABLE OF AUTHORITIES

## CASES

*Certain Underwriters at Lloyds, London v. Kleinberg and Lerner, LLP*, Case No. CV 19-10143 PSG (GJSx)

     2020 WL 3840484 (C.D. Cal. April 3, 2020) ……………………….. 10, 11

*Chamberlain v. Allstate Ins. Co.*

     931 F.2d 1361 (9th Cir. 1991) …………………………………… 7, 8

*Church of Scientology Int'l. v. Kolts*

     846 F.Supp. 873 (C.D. Cal. 1994) …………………………….…. 7

*CMAX, Inc. v. Hall*

     300 F.2d 265 (9th Cir. 1962) …………………………………... 8

*David Kleis, Inc. v. Superior Court*

     37 Cal.App.4th 1035 (1995) …………………………………… 12, 13, 14

*Golden v. Zwickler*

     394 U.S. 103 (1969) …………………………………..…… 16

*Government Employees Ins. Co. v. Dizol*

     133 F.3d 1220 (9th Cir. 1998) ……………………………….……. 7

*Landis v. North American Co.*

     299 U.S. 248 (1936) …………………………………………… 7, 8

*Leyva v. Certified Grocers of Cal., Ltd.*

    593 F.2d 857 (9th Cir. 1979) …………………………….…… 8, 9

*Lockyer v. Mirant Corp.*

    398 Fl.3d 1098 (9th Cir. 2005) …………………………….…….. 10

*Mediterranean Enterprises v. Ssangyong Com.*

    708 F.2d 1458 (9th Cir. 1983) …………………………………… 8

*Montrose Chemical Corp. v. Superior Court*

    25 Cal.App.4th 902 (1992) …………………………....…… 12, 13

*Montrose Chemical Corp. v. Superior Court*

    6 Cal.4th 287 (1993) ……………………………………… 9, 11, 12

*Montrose Chemical Corp. v. Admiral Ins. Co.*

    10 Cal.4th 645 (1995) …………………………………………… 9

*Public Affairs Associates v. Rickover*

    369 U.S. 111 (1962) …………………………………………… 7

*Public Service Comm'n of Utah v. Wycoff Co.*

    344 U.S. 237 (1952) …………………………………………… 7

*United Public Workers of American (C.I.O.) v. Mitchell*

    330 U.S. 75 (1947) …………………………………………… 16

*Wilton v. Seven Falls Co.*

    515 U.S. 277 (1995) …………………………………………… 7

NOTICE OF MOTION AND MOTION TO STAY

## **STATUTES**

Declaratory Judgment Act

28 U.S.C. § 2201 ……………………………………………………… 6, 7

NOTICE OF MOTION AND MOTION TO STAY

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

By way of its Complaint in this insurance coverage action, Plaintiff AmGuard Insurance Company ("AmGuard") seeks a judicial declaration that it has no duty to defend or indemnify the Optima Defendants with respect to the underlying lawsuit brought by Ildefonso Montes, Alfonso Montes, Jasmin Montes and Anthony Montes (the "Underlying Lawsuit").  Based on this contention, AmGuard also seeks reimbursement of the defense fees and costs it has expended in providing a defense to the Optima Defendants under a reservation of rights.

However, the coverage determinations sought by AmGuard are premature since they turn on factual issues to be resolved in the Underlying Lawsuit.  In addition, AmGuard relies, in part, upon unspecified terms, provisions, conditions, exclusions, and endorsements in the insurance policy issued to Optima Defendants to argue that no coverage and no potential coverage exists.

This Court should stay this declaratory relief action until the Underlying Lawsuit is resolved such that any and all facts which may impact these unnamed terms and exclusions can be determined.  The facts in the Underlying Action will control which other terms, conditions and exclusions in the policy AmGuard may deem applicable.  If this action is allowed to proceed, any determinations made by this Court will be based on presumed facts and the theoretical application of the

unspecified terms, provisions and exclusions thereto.

A stay of this declaratory relief action should be ordered to avoid issuance of an advisory opinion and other determinations based on facts which have yet to be established.  A stay will further judicial economy and the interests of justice to have AmGuard's coverage claims adjudicated *after* the conclusion of the Underlying Lawsuit.  Only then will there be certainty as to the exact insurance policy terms and conditions upon which AmGuard relies and the relevant facts upon which such terms and condition (hence, coverage) may turn.  Accordingly, Optima Defendants request that this action be stayed pending final resolution of the Underlying Lawsuit.

## II.      BRIEF STATEMENT OF FACTS PERTINENT TO THIS MOTION

The instant coverage dispute arises in relation to the Underlying Lawsuit brought by the Montes family against the Optima Defendants.  The claims by the Montes family relate to the disposition of the remains of the deceased matriarch of the family, Goldin Deluca.  (See Complaint, p. 4:1-8 [Docket No. 1])

AmGuard agreed to defend Optima Defendants in the Underlying Lawsuit under a reservation of rights.  (Complaint, pp. 6:26-7:2; Reservation of Rights letter, **Ex. 1** to Hansen Decl. and Hansen Decl. ¶ 2)  AmGuard now contends (almost a full year after its reservation of rights letter was issued) that it has no duty to defend and no duty to indemnify the Optima Defendants based on a

"Professional Services" exclusion.  AmGuard further contends that it owes no duty to defend or indemnify the Optima Defendants in connection with the Underlying Lawsuit "due to other terms, provisions, conditions, exclusions, and endorsements in the Policy and applicable law, including pursuant to the insuring agreement requirements that the Underlying Lawsuit allege 'bodily injury' or 'property damage.'"  (Complaint, pp. 13:23-28, 14:14-20)  These other terms, provisions, conditions, exclusions and endorsements upon which AmGuard intends to rely are not identified or specified anywhere in the Complaint.  AmGuard's claim for reimbursement of defense fees and costs is dependent upon the determination as to whether a duty to defend exists.  (Complaint, p. 15:1-16)

The Underlying Lawsuit remains ongoing with an impending trial date.  The current trial date in the Underlying Lawsuit is October 6, 2022, with the parties in the Underlying Lawsuit recently filing a stipulation to continue the trial date to approximately January 2023.  (Hansen Decl. ¶ 4-6)

## III. THE COURT SHOULD EXERCISE ITS DISCRETION TO STAY THE INSTANT ACTION IN THE INTERESTS OF JUDICIAL ECONOMY, FAIRNESS TO THE LITIGANTS AND COMITY

### A.    This Court has Broad Discretion to Stay the Instant Action.

The Declaratory Judgment Act (28 U.S.C. § 2201) provides that a court may declare rights.  This Act is "an enabling Act, which confers discretion on the courts

rather than an absolute right upon the litigant." *Church of Scientology Int'l. v. Kolts*, 846 F.Supp. 873, 883 (C.D. Cal. 1994). quoting *Public Service Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241 (1952).  The Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority." *Public Serv. Comm'n of Utah v. Wycoff Co*., 344 U.S. 237, 250 (1952) (J. Reed, concurring).  The Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates v. Rickover*, 369 U.S. 111, 112 (1962).  Such discretion is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort . . . ." *Landis v. North American Co*., 299 U.S. 248, 254 (1936).

Courts have frequently stayed lawsuits in their discretion to "balance the concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain v. Allstate Ins. Co*., 931 F.2d 1361, 1367 (9th Cir. 1991), abrogated on other grounds by *Wilton v. Seven Falls Co*., 515 U.S. 277, 288 (1995).  A federal court's broad discretion to abstain from exercising jurisdiction over a declaratory relief action empowers it to stay or dismiss such actions in favor of pending state court proceedings involving the same issues and parties.  See *Wilton*, 515 U.S. at 287-299;  *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc).  A stay may be granted pending the outcome of other legal proceedings related to the case in the interest of judicial economy.

NOTICE OF MOTION AND MOTION TO STAY

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-864 (9th Cir. 1979). Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented.  See *Mediterranean Enterprises v. Ssangyong Com.*, 708 F.2d 1458 (9th Cir. 1983).

Thus, this Court has broad discretion to stay the instant insurance coverage action while the Underlying Lawsuit is ongoing in state court.

**B.** **The Factors to be Considered in the Exercise of the Court's Discretion Weigh in Favor of a Stay of the Instant Action**.

As stated in *Chamberlain,* 931 F.2d at 1367, the courts looks to "balance the concerns of judicial administration, comity, and fairness to the litigants" in determining whether to exercise it discretion to stay a matter within its jurisdiction while a related case, not before the Court, is pending to determine potentially dispositive factual issues.  Specifically, a court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962), citing *Landis*, 299 U.S. at 254–255.  Further, a stay may be granted regardless of whether

the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 864.

### 1.     *"Fairness to the Litigants" Requires a Stay of this Action.*

First, "fairness to the litigants" encompasses the consideration of the possible damage accompanying the granting of a stay and the hardship or inequity that a party may suffer.  Here, it is the Optima Defendants that will suffer damage if a stay is not granted.  AmGuard agreed to defend the Underlying Lawsuit, subject to a reservation of rights, pursuant to well-established case law which obligates an insurer to provide a defense where the potential for coverage exists. *Montrose Chemical Corp. v. Admiral Ins. Co.*, 10 Cal.4th 645, 659 (1995); *Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287, 289 (1993).  Should the instant insurance coverage action proceed, the Optima Defendants will be placed in the position of having to battle on two fronts.  The Optima Defendants may also be damaged to the extent that facts which should rightfully be determined in the state court action will instead be litigated in this coverage action, thereby prejudicing the Optima Defendants' ability to defend their interests in state court.

Here, the issues to be litigated in the Underlying Lawsuit should be determined first, before determination of the coverage issues, as the proverbial tail should not be wagging the dog.  AmGuard will likely argue the contrary – that it

NOTICE OF MOTION AND MOTION TO STAY

will be prejudiced by having to continue to defend the Underlying Lawsuit during a stay and until the coverage issues are determined.  This anticipated argument is not persuasive as AmGuard is required to provide a defense where there is a mere potential for coverage and AmGuard will have its full rights to argue for recovery after the Underlying Lawsuit is concluded.  Defending a lawsuit "without more does not constitute a clear case of hardship or inequity within the meaning of *Landis*."  See *Lockyer v. Mirant Corp.*, 398 Fl.3d 1098, 1112 (9th Cir. 2005).  AmGuard will therefore suffer no prejudice if this declaratory relief action is stayed.  In contrast, the Optima Defendants will suffer an inequitable hardship if a stay is not granted.  The fact that AmGuard is seeking an "expedited" ruling on coverage before the underlying facts have been determined will serve to prejudice the Optima Defendants in both the Underlying Lawsuit and in this declaratory relief action.

### 2.     *The Interests of Judicial Efficiency Favor a Stay.*

Secondly, the concerns of judicial administration require an analysis of whether a stay furthers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law."  "Courts have held that where there is factual overlap between the underlying action and the coverage action, granting a stay would avoid the potential for inconsistent rulings, allow the underlying action to clarify issues, and promote judicial efficiency."

NOTICE OF MOTION AND MOTION TO STAY

*Certain Underwriters at Lloyds, London v. Kleinberg and Lerner, LLP*, Case No. CV 19-10143 PSG (GJSx), 2020 WL 3840484, at *7 (C.D. Cal. April 3, 2020) (citation omitted).

Here, the underlying facts have not been adjudicated.  While the Underlying Action remains pending, the facts relevant to the coverage issues remain in flux. Furthermore, AmGuard seeks to rely upon unspecified terms, conditions, definitions, provisions, exclusions and endorsements in the Policy, the application of which will necessarily be resolved based on the facts determined in the Underlying Lawsuit.  Indeed, it seems that AmGuard itself does not have all the facts it needs in order to specify and argue what other terms of the insurance policy it contends may preclude coverage.  A stay of this action will therefore simplify the issues, the matters of proof, and the questions of law to be determined with respect to insurance coverage.  A stay would also avoid the potential for inconsistent rulings, allow the Underlying Lawsuit to clarify issues, and therefore promote judicial efficiency.

### 3.   *Judicial Comity and the Uncertainty of the Provisions Upon Which AmGuard Relies Weigh in Favor of a Stay.*

Judicial comity will also be furthered as California law has long held that a stay of a declaratory relief action is proper where relevant matters are at issue and are to be adjudicated in the underlying action.  *Montrose Chemical Corp. v.*

*Superior Court*, 6 Cal.4th 287, 289 (1993) (*Montrose I*").  As California law makes clear, a "[s]tay of a declaratory relief action to determine coverage is often in order when coverage the question turns on facts to be litigated in the underlying third party action '[t]o eliminate the risk of inconsistent factual determinations that could prejudice the insured . . . .'" *David Kleis, Inc. v. Superior Court*, 37 Cal.App.4th 1035, 1044 (1995), quoting *Montrose I*, 6 Cal.4th at 301.  "It is only where there is no potential conflict between the trial of the coverage dispute and the underlying action that an insurer can obtain an early trial date and resolution of its claim that coverage does not exist." *Montrose Chemical Corp. v. Superior Court*, 25 Cal.App.4th 902, 910 (1992) (*Montrose II*).

In *Montrose II*, the California Supreme Court discussed the prejudice the insured could incur if an insurance coverage action is permitted to proceed concurrently with the liability action.  *Montrose II*, 25 Cal.App.4th at 910.  First, the insurer who is supposed to be on the side of the insured and with whom there is a quasi-fiduciary relationship effectively attacks its insured and gives aid and comfort to the claimant.  *Id*.  Second, permitting the declaratory relief action to proceed requires the insured to fight a two-front war litigating with the underlying claimant as well as expending resources on fighting its insurer thereby

undermining the primary reason for purchasing liability insurance.[1]  *Id.*  Third, there is a risk that if the declaratory relief action by the insurer proceeds to judgment before the underlying action, the insured could be collaterally estopped from contesting issues in the underlying action to its detriment.

In *Montrose II*, the California Supreme Court concluded that the insurers were not entitled to pursue a declaratory relief action in connection with environmental claims where one of the coverage defenses asserted was the intentional acts exclusion.  The court reasoned that (1) it would be prejudicial to the insured to allow for the possibility of inconsistent verdicts and (2) require the insured to fight a two-front war against the underlying claimants and the insurer.  *Montrose II,* 25 Cal.App.4th at 909-910.

Similarly, in *David Kleis*, 37 Cal.App.4th at 1046-1049, the court determined that because the insurer was relying on the intentional acts exclusion, among others, the insured was entitled to a stay of the declaratory relief action pending resolution of the underlying action.  The *David Kleis* court determined that a stay was appropriate because the exclusions raised, such as the intentional acts exclusion, could be used in a manner so as to prejudice the insured and potentially

---

[1] It is well recognized that the insured's desire to call upon the insurer for defense of a third party claim is "in all likelihood, typically a significant motive for the purchase of insurance as is the wish to obtain indemnity for possible liability." *Montrose I,* 6 Cal.4th at 296-297.

NOTICE OF MOTION AND MOTION TO STAY

obtain a ruling voiding coverage, which could be inconsistent with a ruling in the underlying action.  The court concluded that "to the extent that [the insurer] may rely upon the definition of 'occurrence' or the intentional acts exclusion to preclude coverage, trial of the declaratory action cannot proceed ahead of the underlying action."  *Id*. at 1049.

As referenced above, AmGuard has not even identified all the policy terms and provisions upon which it will rely to claim that it has no obligations to the Optima Defendants in relation to the Underlying Lawsuit.  AmGuard asserts that there is no coverage and no potential for coverage under exclusion j., "Professional Services," and other, unspecified terms, conditions and exclusions within the insurance policy.  Specifically, AmGuard alleges in its declaratory relief complaint:

"37. AmGUARD contends that it owes no duty to defend the

Optima Defendants in connection with the Underlying Lawsuit in

light of the Montes Parties' claims and allegations therein due to the

above-quoted Professional Services exclusion in the Policy (Exclusion

j.).

38. AmGUARD further contends that it owes no duty to defend

the Optima Defendants in connection with the Underlying Lawsuit in

light of the Montes Parties claims and allegations therein, and the

conduct of the Optima Defendants, *due to other terms, provisions,*

*conditions, exclusions, and endorsements in the Policy* and applicable

law, including pursuant to the insuring agreement requirements that

the Underlying Lawsuit allege 'bodily injury' or 'property damage.'"

(Complaint, p. 13:19-28, emphasis added in italics.)

In Paragraph 43 of the Complaint, "AmGUARD contends it owes no duty to

indemnify the Optima Defendants in connection with the Underlying Lawsuit as a

result of the Professional Services exclusion in the Policy, *and other terms,*

*provisions, conditions, exclusions, and endorsements contained therein* and

pursuant to applicable law."  (Complaint, p. 14:16-20, emphasis added.)

Because AmGuard seeks a determination of no duty to defend and no duty to

indemnify based on "other terms, provisions, conditions, exclusions, and

endorsements in the Policy" which are not specified, this matter must be stayed

pending the resolution of the underlying liability action.  Neither the Optima

Defendants nor AmGuard can know what additional facts and issues may be

determined in the Underlying Lawsuit which could affect insurance coverage

under these unspecified "other terms, provisions, conditions, exclusions, and

endorsements in the Policy."  The instant coverage action should be stayed because

the Underlying Lawsuit is ongoing and facts relating to, and potentially dispositive

of, the grounds upon which AmGuard may claim no coverage have yet to be

determined.

### C.   <u>Permitting the Instant Action to Proceed will Result in an Advisory Opinion Based on Assumed Facts</u>.

It is well-established that federal courts do not render advisory opinions. *Golden v. Zwickler,* 394 U.S. 103, 108 (1969).  "This is as true of declaratory judgments as any other field."  *Id.* at 108*,* citing *United Public Workers of American (C.I.O.) v. Mitchell,* 330 U.S. 75, 89 (1947).

Allowing this action to proceed would result in an advisory opinion based on assumed "facts" which have not been determined and which may actually not come to fruition.  Because AmGuard is relying, in part, on unspecified terms and exclusions to argue it has no duties to the Optima Defendants, neither the parties nor the Court at this point has any way of knowing how the underlying facts, once determined, will affect the instant coverage action.  Allowing this matter to proceed concurrently with the Underlying Action could therefore result in an advisory ruling based on presumed facts which are subsequently disproven in the Underlying Lawsuit.

In sum, because factual determinations are pending in the Underlying Lawsuit and AmGuard is prematurely seeking an adjudication of no coverage and no potential for coverage based on Exclusion j., and other unspecified terms and exclusions, a stay of the instant action is warranted to promote judicial "economy

of time and effort."  As discussed above, no damage or hardship would result by a stay of this matter.  In fact, a stay would further the orderly course of justice.  The Court (and the parties) should not expend their limited resources to obtain an answer to theoretical coverage questions based on theoretical facts.  Granting a stay in this matter during the pendency of the Underlying Lawsuit will not prejudice any of the parties.  In fact, a stay will allow AmGuard to "nail down" the specific grounds upon which it contends no coverage exists, based on the entirety of the facts as determined in the Underlying Lawsuit.

## IV.   CONCLUSION

A stay of this declaratory relief action is warranted and proper pending final resolution of the Underlying Lawsuit, in accord with both federal and California law.  Optima Defendants' motion to stay should be granted.

Dated:  September 12, 2022          **COCHRAN, DAVIS & ASSOCIATES, P.C.**

*/s/ Lisa Kralik Hansen*

By: _____

JOAN E. COCHRAN, ESQ.
LISA KRALIK HANSEN, ESQ.
Attorneys for Defendants **OPTIMA FUNERAL HOME, INC., HUGO SANCHEZ, ANA MARIA BELCHER and ARISTEO LUCAS**

## <u>DECLARATION OF LISA KRALIK HANSEN</u>

I am counsel for Defendants OPTIMA FUNERAL HOME, INC., HUGO SANCHEZ, ANA MARIA BELCHER and ARISTEO LUCAS ("Optima Defendants") in this action.  This declaration is submitted in support of Optima Defendants' Motion to Stay.  I have personal knowledge of the facts stated herein. If called and sworn as a witness, I could and would testify competently to the following:

1.      The underlying lawsuit *Ildefonso Montes, et al. v. Optima Funeral Home, Inc., et al.*, Los Angeles Superior Court Case No. 21STCV13397 ("Underlying Lawsuit") was filed on April 8, 2021, as reflected on Exhibit A to AmGuard's declaratory relief complaint filed in this action.  [Docket No. 1-1]

2.      AmGuard Insurance Company filed this declaratory relief action on June 21, 2022.  [Docket No. 1]  The reservation of rights letter issued by AmGuard to the Optima Defendants in response to the tender of the Underlying Lawsuit was dated June 4, 2021.  A true and correct copy of AmGuard's reservation of rights letter on which our firm was copied is attached hereto as **Exhibit 1**.

3.      AmGuard waited almost a full year before filing its declaratory relief action after issuance of its reservation of rights letter to the Optima Defendants – from June 4, 2021 (reservation of rights letter issued) and June 21, 2022 (declaratory relief action filed).

4.     The current trial date in the Underlying Lawsuit is October 6, 2022, as reflected on the court docket for the Underlying Lawsuit.  The current Final Status Conference for the Underlying Lawsuit as shown on the court's docket is September 22, 2022.

5.     I am aware that the parties to the Underlying Lawsuit have recently submitted a stipulation to continue the trial date to about January 2023.  Based on my review of the court's docket for the Underlying Lawsuit, there is no indication the Los Angeles Superior Court has continued the trial date or taken action on that stipulation to continue the trial date.

6.     The Optima Defendants request the court stay this declaratory relief action pending final resolution of the Underlying Lawsuit for the reasons set forth in the Memorandum of Points and Authorities.  Given the current trial date and even any new trial date as ordered by the California state court in the Underlying Lawsuit, it appears trial is imminent and looming for the Optima Defendants in the Underlying Lawsuit.  The proximity of the trial in the Underlying Lawsuit is another factor which the Optima Defendants request the court consider in ruling on this Motion to Stay.

///

///

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 12, 2022, at Palos Verdes Estates, California.

/s/ Lisa Kralik Hansen

LISA KRALIK HANSEN, ESQ.